IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TARLAND S. BURKE,                )
                                 )
            Plaintiff,           )
                                 )   CIVIL ACTION
v.                               )
                                 )   No. 08-2440-JAR-GBC
                                 )
MICHAEL J. ASTRUE,               )
Commissioner of Social Security, )
                                 )
            Defendant.           )
_____)

**REPORT AND RECOMMENDATION**

Plaintiff seeks review of a decision of the Commissioner of Social Security (hereinafter Commissioner) denying disability insurance benefits (DIB) and supplemental security income (SSI) under sections 216(i), 223, 1602 and 1614(a)(3)(A) of the Social Security Act. 42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A)(hereinafter the Act). Finding no error as alleged by plaintiff in the Commissioner's decision, the court recommends judgment be entered in accordance with the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the decision.

**I.  Background**

Plaintiff applied for DIB and SSI on August 31, 2004 alleging disability since June 1, 1999. (R. 19, 71-75, 329-35). The applications were denied initially and upon reconsideration,

and plaintiff requested a hearing before an administrative law judge (ALJ). (R. 19, 33-34, 46-47, 336-46). Plaintiff's request was granted, and plaintiff appeared with counsel at a hearing before ALJ George M. Bock on August 21, 2007. (R. 19) At the hearing, plaintiff amended her onset date to March 18, 2003, and testimony was taken from plaintiff, from a medical expert (ME), and from a vocational expert (VE). (R. 19, 371-407). On September 14, 2007, the ALJ issued a decision finding plaintiff is not disabled within the meaning of the Act, and denied plaintiff's applications. (R. 19-32).

Plaintiff submitted additional evidence and sought Appeals Council review of the ALJ's decision. (R. 15, 347-70). The Appeals Council considered the additional evidence and made it a part of the administrative record (R. 12), but found no reason to review the decision, and denied the request for review. (R. 9-11). Therefore, the ALJ decision is the Commissioner's final decision. Id.; Blea v. Barnhart, 466 F.3d 903, 908 (10th Cir. 2006). Plaintiff now seeks judicial review.

**II. Legal Standard**

The court's review is guided by the Act. 42 U.S.C. §§ 405(g), 1383(c)(3). "The findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." Id. at § 405(g). The court must determine whether the factual findings are supported by substantial evidence in the

record and whether the ALJ applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but less than a preponderance, and it is such evidence as a reasonable mind might accept to support a conclusion. Zoltanski v. F.A.A., 372 F.3d 1195, 1200 (10th Cir. 2004); Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988). The court may "neither reweigh the evidence nor substitute [it's] judgment for that of the agency." White, 287 F.3d at 905 (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). The determination of whether substantial evidence supports the Commissioner's decision, however, is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

An individual is under a disability only if that individual can establish that she has a physical or mental impairment which prevents her from engaging in substantial gainful activity and is expected to result in death or to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d). The claimant's impairments must be of such severity that she is not only unable to perform her past relevant work, but cannot, considering her

age, education, and work experience, engage in any other substantial gainful work existing in the national economy.  Id.

The Commissioner uses a five-step sequential process to evaluate whether a claimant is disabled.  20 C.F.R. §§ 404.1520, 416.920 (2007); Allen v. Barnhart, 357 F.3d 1140, 1142 (10th Cir. 2004); Ray, 865 F.2d at 224.  "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."  Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988).

In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has severe impairments, and whether the severity of her impairments meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  Id. at 750-51.  If plaintiff's impairments do not meet or equal the severity of a listing, the Commissioner assesses claimant's RFC.  20 C.F.R. §§ 404.1520, 416.920.  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

After assessing claimant's RFC, the Commissioner evaluates steps four and five--whether the claimant can perform her past relevant work, and whether she is able to perform other work in the economy.  Williams, 844 F.2d at 751.  In steps one through four the burden is on claimant to prove a disability that

prevents performance of past relevant work.  <u>Dikeman v. Halter</u>, 245 F.3d 1182, 1184 (10th Cir. 2001); <u>Williams</u>, 844 F.2d at 751 n.2.  At step five, the burden shifts to the Commissioner to show other jobs in the national economy within plaintiff's capacity.  <u>Id.</u>; <u>Haddock v. Apfel</u>, 196 F.3d 1084, 1088 (10th Cir. 1999).

Here, plaintiff claims the ALJ erred both at step two of the sequential evaluation process and in weighing the opinion of Dr. Koduri, plaintiff's treating physician.  The Commissioner argues the ALJ's step two evaluation was sufficient and the ALJ properly evaluated Dr. Koduri's opinion.  The court begins with consideration of the step two determination.

**III. Step Two**

At step two, the ALJ determined that plaintiff has a severe combination of impairments including systemic lupus erythematosus (lupus), degenerative changes of the first metatarsal of the hands and feet, and a history of asthma.  (R. 22).  Plaintiff claims the ALJ erred at step two in failing to find that plaintiff's chronic urticaria[1] is "severe."  (Pl. Br. 11-12).[2]

---

[1] Urticaria is another name for hives. http://www.medterms.com/script/main/art.asp?articlekey=5919

[2] In the heading to this section of her brief, plaintiff also claims error in failing to find "severe" impairments of depression and anxiety. (Pl. Br. 11).  As the Commissioner points out, plaintiff provided no argument regarding depression or anxiety. (Comm'r Br. 6).  An argument insufficiently briefed in the opening brief is waived. <u>SCO Group, Inc. v. Novell, Inc.</u>, 578 F.3d 1201, 1226 (10th Cir. 2009).  The court finds plaintiff has waived any argument regarding depression or anxiety.

-5-

The Commissioner argues that urticaria is another symptom of lupus which the ALJ found to be part of the "severe" combination of impairments in this case, that plaintiff has not met her burden to show that urticaria has more than a minimal effect on her ability to perform basic work activities, and that in any case the ALJ found a "severe" combination of impairments and the failure to designate another impairment "severe" is not error under Tenth Circuit law. (Comm'r Br. 6-7). The court agrees with the Commissioner that having found a "severe" combination of impairments at step two, the ALJ did not err merely in failing to state that urticaria is another "severe" impairment.

As the Commissioner argues, in <u>Brescia v. Astrue</u>, No. 07-4234, 2008 WL 2662593 at *1-2, 287 Fed. Appx. 626, 628-629 (10th Cir. July 8, 2008), the plaintiff argued that the ALJ improperly determined that several of her impairments did not qualify as severe impairments. The court held that once an ALJ has found that plaintiff has at least one severe impairment, a failure to designate another as "severe" at step two does not constitute reversible error because, under the regulations, the agency at later steps considers the combined effect of all of the claimant's impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. Again, in <u>Hill v. Astrue</u>, No. 07-4226, 2008 WL 3339174 at *2, 289 Fed. Appx. 289, 291-292 (10th Cir. Aug. 12, 2008), the

court held that the failure to find that additional alleged impairments are also severe is not in itself cause for reversal so long as the ALJ, in determining plaintiff's RFC, considers the effects of all of the claimant's medically determinable impairments, both those he deems "severe" and those "not severe."

Here, the ALJ stated that he had made "a longitudinal review of the entire evidentiary record" in reaching his decision. (R. 19). He noted the law, that in assessing RFC he "must consider all of claimant's impairments, including impairments that are not severe." (R. 20). The court will usually take a lower tribunal at its word when it declares that it has considered a matter. Hackett, 395 F.3d at 1172-73. Plaintiff points to no evidence suggesting the ALJ did not consider all of plaintiff's medically determinable impairments in his RFC assessment. In fact, plaintiff notes the ALJ specifically mentioned that plaintiff complained of an allergic reaction to medication (urticaria) at a July, 2004 doctor visit. (Pl. Br. 12)(citing(R. 26)); see also, (R. 254-55, 257, 259). The court finds no error at step two of the evaluation.

**IV. Weighing the Treating Physician's Opinions**

The ALJ discounted the limitations presented in two May 2007 questionnaires by Dr. Koduri, plaintiff's treating physician, finding the limitations were inconsistent with and unsupported by (1) Dr. Koduri's treatment notes and (2) the treatment notes of

other treating physicians, and (3) the Lupus Questionnaire contained an internal inconsistency regarding plaintiff's ability to stand and/or walk. (R. 28). He found controlling weight could not be accorded Dr. Koduri's limitations, and gave "[v]ery limited weight" to those assessments. Id. He accorded "far greater weight" to the findings and "diagnostic assessment reflected in [Dr. Koduri's] actual contemporaneous treatment notes and the notes from other treating physicians, and significantly greater weight to the medical opinions provided by the state agency medical consultants and the medical expert at the hearing." Id.

Plaintiff claims the ALJ erred in failing to accord adequate weight to Dr. Koduri's opinion. (Pl. Br. 12-16). Specifically, she noted that Dr. Koduri has treated plaintiff since 2004, and she summarized Dr. Koduri's limitations presented in a Pulmonary RFC Questionnaire and a Lupus RFC Questionnaire. Id. at 14-15 (citing (R. 312-15, 317-23)). She argued that the ALJ erred in weighing Dr. Koduri's opinion, that the limitations opined by Dr. Koduri

> are fully supported by the objective and clinical findings regarding Ms. Burke's chronic illnesses. Further, the limitations were not inconsistent. Dr. Koduri found that Ms. Burke was only able to sit for a total of 30 minutes at one time, and for a total of two hours during an entire eight-hour work day (R. 315). Those limitations are consistent.

Id. at 15-16. She implied that the ALJ gave greater weight to the opinions of non-treating physicians without weighing those physicians' reports to see if they outweigh Dr. Koduri's reports. Id. at 16(citing Goatcher v. Dep't of Health and Human Servs., 52 F.3d 288, 289-90 (10th Cir. 1995)). Finally, she argued, "It was error for the ALJ to completely ignore the limitations imposed by Dr. Koduri." Id.

The Commissioner argued that the ALJ properly weighed Dr. Koduri's opinion. (Comm'r Br. 7-15). The Commissioner summarized the record evidence regarding plaintiff's medical treatment. Id. at 7-13. He argued that the evidence does not support Dr. Koduri's limitations, that the ALJ properly found the limitations inconsistent with Dr. Koduri's treatment notes, and that the ALJ gave limited weight to the limitations and greater weight to Dr. Koduri's treatment notes and the notes of other treating physicians. Id. at 14. He argued that the ALJ gave greater weight to the opinions of the state agency consultants and the VE, and he concluded with the assertion that the ALJ did not ignore or disregard Dr. Koduri's opinions but that he gave specific, legitimate reasons to discount them.

Much of plaintiff's argument consists of an implied assertion that substantial evidence in the record supports her contention that she is disabled. The court, however, is charged with the duty to determine whether the ALJ applied the correct

legal standard and whether substantial evidence in the record supports the final decision. "The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence. We may not displace the agency's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." Lax, 489 F.3d at 1084(citations, quotations, and brackets omitted). Plaintiff asserts that Dr. Koduri's limitations are "supported by the objective and clinical findings regarding Ms. Burke's chronic illness," but she cites to none of the allegedly supporting objective or clinical findings. The fact that plaintiff has a combination of impairments including lupus and fibromyalgia is insufficient in itself to support the relatively restrictive limitations opined by Dr. Koduri. Moreover, the court's review of the medical records reveals no specific findings suggesting the restrictive limitations opined by Dr. Koduri. The court will not repeat the ALJ's analysis of the evidence, but suffice it to say that the ALJ summarized the medical evidence, and his summary is a generally fair representation of the record evidence. (R. 25-27). Plaintiff points to no error in the ALJ's summary of the evidence.

Plaintiff asserts Dr. Koduri's limitations are not inconsistent, but he found plaintiff able to sit for thirty

minutes at a time and two hours total during a day. (Pl. Br. 16)(citing (R. 315)). However, the inconsistency found by the ALJ did not involve the record at p. 315 (Exhibit 11F, Pulmonary RFC Questionnaire) or Dr. Koduri's opinion about the ability to sit. He stated there was an inconsistency in Exhibit 12F (R. 316-23) with regard to plaintiff's ability to stand and/or walk. (R. 28)(citing Exhibit 12F). Exhibit 12F is Dr. Koduri's Lupus RFC Questionnaire. (R. 316-23). That questionnaire contains item 13 c, in which the instructions request the physician to "Please circle the hours and/or minutes that your patient can stand at one time." (R. 320). For that item, Dr. Koduri circled both 30 minutes and 2 hours, indicating (as the ALJ found) that plaintiff is able to stand for two hours and thirty minutes at one time. Compare (R. 28)(plaintiff is able to stand "for 2 hours and 30 minutes at one time"); with (R. 320)(item 13 c). In item 13 d, however, Dr. Koduri indicated plaintiff could stand/walk together only "about 2 hours" in an eight-hour working day. (R. 320). As the ALJ found, the ability to stand/walk for two hours total in an eight hour day is inconsistent with the ability to stand for two hours and thirty minutes at one time. The reasons the ALJ gave for discounting Dr. Koduri's RFC opinions are supported by the record evidence.

In her next argument, plaintiff implies that the ALJ gave greater weight to the opinions of non-treating physicians without

-11-

weighing their reports to see if they outweigh Dr. Koduri's reports as is required by Goatcher. The court disagrees.

Goatcher, to which plaintiff cites, provides that when a treating physician's opinion is inconsistent with other physicians' reports, the ALJ must "examine the other physicians' reports 'to see if [they] "outweigh" the treating physician's report." 52 F.3d at 290. The decision here reveals that the ALJ did not merely choose the non-treating source opinions of the state agency consultants or of the ME over the opinions of Dr. Koduri. Rather, the ALJ gave "very little weight" to the limitations reflected in Dr. Koduri's RFC questionnaires, but gave "far greater weight" to Dr. Koduri's contemporaneous treatment notes and the contemporaneous treatment notes of other treating physicians. (R. 28). He also gave "significantly greater weight" to the opinions of the non-treating sources. Id. The ALJ found the contemporaneous treatment notes of Dr. Koduri and the other treating physicians essentially consistent with the reports of the non-treating sources. To the extent the ALJ here can be viewed as having found the physicians' opinions inconsistent, the decision reveals he examined the reports of the non-treating sources and determined they outweigh the RFC opinions of Dr. Koduri. (R. 28-30). More is not required.

In her final argument, plaintiff asserts "It was error for the ALJ to completely ignore the limitations imposed by Dr.

Koduri." (Pl. Br. 16). As the discussion above reveals, the ALJ did not ignore Dr. Koduri's limitations. Rather, he addressed the limitations and stated his reasons for discounting them. He considered the reports of the ME, Dr. Katzman, and the state agency consultant, Dr. Kim, and determined they outweighed the RFC limitations of Dr. Koduri. He accorded greater weight to the contemporaneous treatment notes of Dr. Koduri and the other treating physicians, and to the opinions of Drs. Katzman and Kim. Plaintiff has demonstrated no error in the decision under review.

**IT IS THEREFORE RECOMMENDED** that judgment be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's decision.

Copies of this recommendation and report shall be delivered to counsel of record for the parties. Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and D. Kan. Rule 72.1.4, the parties may serve and file written objections to this recommendation within fourteen days after being served with a copy. Failure to timely file objections with the court will be deemed a waiver of appellate review. Morales-Fernandez v. INS, 418 F.3d 1116, 1119 (10th Cir. 2005).

Dated this 31st day of December 2009, at Wichita, Kansas.

s:/ Gerald B. Cohn
**GERALD B. COHN**
**United States Magistrate Judge**