# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TARLAND S. BURKE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 08-2440-JAR |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| COMMISSIONER OF | ) |
| SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER ADOPTING RECOMMENDATION AND REPORT

The Commissioner of Social Security denied plaintiff Tarland Burke's application for disability insurance benefits under the Social Security Act. Plaintiff sought review of the Administrative Law Judge's ("ALJ") decision and Magistrate Judge Gerald B. Cohn issued a Report and Recommendations (Doc. 26) on December 31, 2009, which recommended the Commissioner's decision be affirmed. This matter is currently before the Court on plaintiff's Objection to Report and Recommendations (Doc. 27) and defendant's Response (Doc. 28).

The standards the Court must employ when reviewing objections to a recommendation and report are clear.[1] Only those portions of a recommendation and report identified as objectionable will be reviewed.[2] The review of those identified portions is *de novo* and the Court must "consider relevant evidence of record and not merely review the magistrate judge's recommendation."[3]

---

[1] *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72.

[2] *See Garcia v. City of Albuquerque*, 232 F.3d 760, 767 (10th Cir. 2000); *Gettings v. McKune*, 88 F. Supp. 2d 1205, 1211 (D. Kan. 2000).

[3] *See Griego v. Padilla*, 64 F.3d 580, 584 (10th Cir. 1995) (citation omitted).

It is undisputed that plaintiff has systemic lupus erythematosus (SLE), which includes such symptoms as polyarthritis, chronic fatigue, and headaches; she also has minimal degenerative changes of the first metarsal of the bilateral hands and bilateral feet, and a history of asthma.

The ALJ concluded that plaintiff has the Residual Functional Capacity (RFC) to perform sedentary work except for exposure to certain environmental conditions; and that she can lift, carry, push or pull at least ten pounds maximum occasionally and lesser weights frequently; and that she can stand and/or walk at least two hours total, and sit at least six hours total, throughout the course of a normal eight-hour workday and work schedule with normal breaks. He further found that "[s]he is capable of frequently climbing ramps or stairs, balancing, or stooping and at least occasional performance of other basic postural work-related activities including kneeling, crouching, or crawling."[4]

Plaintiff claimed that her RFC was less than sedentary, alleging that she was unable to maintain a normal work schedule on a regular and continuing basis because of pain in multiple parts of her body, extreme fatigue and reduced physical stamina, which caused her to need to lie down for prolonged periods of time during the course of a normal workday.

Although the ALJ found that "SLE is a pain-producing and other symptom-producing impairment and . . . the objective evidence establishes such and a nexus to claimant's subjective complaints,"[5] he also found that "claimant's pain is not alone disabling."[6] The ALJ found

---

[4](Doc. 13, Ex. A-1 at 23, Soc. Sec. Admin. Decision (Sept. 14, 2007).)

[5]*Id.* at 24.

[6]*Id.*

plaintiff's allegations inconsistent with the objective and clinical findings set forth in actual contemporaneous treatment notes of her treating physician, Dr. Vinaya Koduri, which "detracts from her general credibility regarding the extreme degrees of overall symptoms and limitations claimant alleges in this appeal or as opined by a treating physician and a treating nurse practitioner in questionnaires of record . . ."[7]

The ALJ, in so concluding, performed a "longitudinal review of the entire evidentiary record, with particular deference accorded to the objective and clinical findings and prescribed treatment modalities reflected in the contemporaneous treatment notes [of Dr. Koduri] and great weight accorded to the mutually supportive medical opinions provided by Y. Kim, M.D., the state agency medical consultant, as well as Dr. [Richard] Katzman at the hearing."[8]

Plaintiff objects only to Judge Cohn's finding that the ALJ appropriately denied giving controlling weight to the opinion of plaintiff's treating physician, Dr. Koduri. Plaintiff argues that the ALJ improperly gave greater weight to the opinions of non-treating sources, never addressed how Dr. Koduri's opinion was outweighed by other evidence, and never directly compared Dr. Koduri's opinion with the opinions of the non-treating physicians' opinions.

The Court has considered plaintiff's objections, and carefully reviewed the record and the report and recommendation. Plaintiff's arguments are framed in a manner that is wholly inconsistent with the record, the ALJ's findings, and Judge Cohn's analysis. The ALJ did not reject all opinions and findings of Dr. Koduri. Indeed, the ALJ did not give controlling weight to Dr. Koduri's opinions stated in the Lupus (SLE) Residual Functional Capacity Questionnaire

---

[7]*Id.*

[8]*Id.* at 22.

3

because such was inconsistent with other treatment records and findings rendered by Dr. Koduri, as well as other substantial evidence in the record.

This is an appropriate reason to deny controlling weight to the opinion of a treating physician. For a treating source opinion may be given controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques," and is not inconsistent with other substantial evidence in the record, but if it is "deficient in either respect, it is not entitled to controlling weight."[9]

The ALJ must consider the following specific factors to determine what weight to give any medical opinion: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.[10] The ALJ must give specific, legitimate reasons for disregarding the treating physician's opinion that a claimant is disabled.[11]

The ALJ appropriately did not give controlling weight to Dr. Koduri's opinion because Dr. Koduri's opinion was inconsistent with Dr. Koduri's contemporaneous treatment records, which stated, *inter alia*: (1) when plaintiff first saw him in January 2004, about nine months after

---

[9]*Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003) (quoting 20 C.F.R. § 404.1527(d)(2) and citing Soc. Sec. Rul. 96-2p, 1996 WL 374188, at *5 (SSR July 2, 1996)).

[10]*Goatcher v. U.S. Dep't of Health & Human Servs.*, 52 F.3d 288, 290 (10th Cir. 1995) (citing 20 C.F.R. § 404.1527(d)(2)-(6)).

[11]*See id.*

4

the alleged onset of the disability, plaintiff did not complain of the pain and fatigue and related symptoms she now complains of; (2) two months later, while asking for a re-evaluation of her SLE, plaintiff stated she felt "okay" and a physical examination found no evidence of the degree of pain and symptomatology she now claims; (3) in physical examinations in September 2004, Dr. Koduri's examination revealed normal physical and mental status findings and plaintiff reported that prescribed medication had caused significant improvement in her symptoms; (4) in follow up visits in late 2004 to 2007, plaintiff reported no change in her previously reported condition, in which she did not report pain or fatigue in any notable degree, all of this being consistent with contemporaneous physical examinations at that time. In fact, in some vists, plaintiff's primary complaint was sinus problems.

Contemporaneous treatment notes of other doctors similarly do not demonstrate that plaintiff was suffering pain, fatigue and other complained of symptoms in any significant or material degree. For example, when seen by Dr. Radadiya at the University of Kansas Medical Center in 2004, plaintiff reported no change, no joint pain or swelling and fatigue only on some days. Notably, in 2005, after the initial denial of her applications for disability benefits, plaintiff reported more extreme SLE symptoms, but these subjective complaints were not supported by the physical examination and objective clinical findings of Dr. Radadiya at that time. Plaintiff left Dr. Radidiya's office after a tantrum surrounding his refusal to give her a full body MRI as she demanded, and her rebuffing his attempts to explain to her what was his recommended course of management of her disease.

The ALJ further rejected Dr. Koduri's opinions about plaintiff's limitations, both internally inconsistent and inconsistent with Dr. Koduri's contemporaneous treatment notes

5

which failed to show any significant pain or fatigue. Notably, in his May 2007 questionnaire responses, Dr. Koduri opined that plaintiff could stand and/or walk only two hours total throughout the course of an "8 hour working day," yet in other sections of the questionnaire Dr. Koduri opined that plaintiff is capable of working in stints of no more than two hours and thirty minutes at a time, and that plaintiff would need to take three to four unscheduled breaks during an eight-hour working day, to lie down or sit quietly. And, Dr. Koduri's opinion that plaintiff could lift and carry less than ten pounds or ten pounds only occasionally, was inconsistent with the work history plaintiff herself reported on a work questionnaire.

Moreover, to the extent Dr. Koduri's opinion was consistent with plaintiff's subjective complaints, plaintiff's allegations were not credible, for her allegations were inconsistent with: (1) her ability to perform substantial gainful activity from 1999 to 2003; and (2) her responses in a work history questionnaire, which indicated that from May 2002 to May 2003 she worked as a packer and frequently lifted twenty-five pounds and stood for essentially the entire twelve-hour shift, leaving the job not for medical reasons, but to care for her child.

When a treating physician's opinion is inconsistent with other medical evidence, the ALJ must examine reports of other physicians to see if they outweigh the reports of the treating physician.[12] In doing so, the ALJ found that the opinions of non-treating physicians, Drs. Katzman and Kim were consistent with the objective medical evidence and Dr. Koduri's contemporaneous treatment notes. The ALJ ultimately must weigh and resolve evidentiary conflicts, and the Court cannot reweigh the evidence.[13]

---

[12]*See Goatcher*, 52 F.3d at 290.

[13]*Rutledge v. Apfel,* 230 F.3d 1172, 1174 (10th Cir. 2000); see also *White v. Barnhart*, 287 F.3d 903, 909 (10th Cir. 2001) (stating that court will not second-guess the ALJ decision).

In the Report and Recommendation, Judge Cohn thoroughly analyzed the ALJ's evaluation of plaintiff's treating sources and the Court incorporates that portion of the Report and Recommendation.[14] This Court has conducted a *de novo* review and agrees with Judge Cohn's recommendation that the Court affirm the Commissioner's denial of plaintiff's claims for disability benefits under Sections 216(i), 223, and 1614(a)(3)(A) of the Social Security Act, as amended.

**IT IS THEREFORE ORDERED** that plaintiff's Objections (Doc. 27) to the Report and Recommendation of Magistrate Judge Cohn (Doc. 26) shall be denied.

**IT IS FURTHER ORDERED** that the December 31, 2009 Report and Recommendation (Doc. 26) shall be adopted by the Court as its own.

**IT IS THEREFORE ORDERED** that the Commissioner's decision be and hereby is **AFFIRMED**. The Clerk shall enter judgment pursuant to the fourth sentence of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**

**Dated: March 26, 2010**

                                                   **S/ Julie A. Robinson**
                                                   **JULIE A. ROBINSON**
                                                   **UNITED STATES DISTRICT JUDGE**

---

[14](Doc. 26 at 8-11.)